Because there is a clear dispute in the evidence as to exactly what the plaintiff was required to do, or what was done to the plaintiff in the process of conducting a search of her person, summary judgment is inappropriate in this case.
The majority concludes that, even under plaintiff's version of the facts, summary judgment was proper because it "finds," as a matter of law, that the search was "very limited[,] . . . was not excessively intrusive, and was reasonably related to the objective of the search." Even if the majority is correct that a search of Holly's purse, books, and person was justified under the circumstances of this case, it is impossible for me to perceive how this Court could hold, as a matter of law, that making a spectacle of, and the resulting humiliation of, this child in the process was justified and did not amount to tortious conduct.
Holly deposed that it was not her teacher but her classmates,at the instruction of the teacher, who searched her purse and books. She further deposed that she was made to stand, not in a private or secluded area of the room, but rather in front of her classmates and remove her shoes, and that, while she stood there, the teacher felt her socks for the money she was suspected of stealing. These measures cannot be sanctioned by simply excusing them in the interest of maintaining order and enforcing rules. Without question, on these facts, a jury could have easily found that these measures were not "reasonably related to the objectives of the search," and, in fact, were "excessively intrusive in light of the age and sex of the student and nature of the infraction," (viz., a female fifth grader suspected of stealing $6.00). NewJersey v. T.L.O., 469 U.S. 325, 341-42, 105 S.Ct. 733,743-44, 83 L.Ed.2d 720 (1985).
For these reasons, I would reverse the summary judgment in favor of the defendants.